IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTA J. ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-cv-01286-DGK |
| | ) | |
| KINDRED HOSPITALS EAST, LLC d/b/a | ) | |
| KINDRED HOSPITAL – KANSAS CITY | ) | |
| AARON ANOTHAYANONTHA, and | ) | |
| PATRICIA DIXON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER CONCERNING FIRST AMENDED COMPLAINT

This lawsuit arises out of Plaintiff Christa J. Alexander's ("Plaintiff") employment with Defendant Kindred Hospitals East, LLC d/b/a Kindred Hospital – Kansas City ("Kindred"). Plaintiff contends Kindred and the two individual defendants (all three collectively "Defendants") violated the Missouri Human Rights Act ("MHRA") by discriminating against her on the basis of her race.

Now before the Court is Defendants' Motion to Strike Amended Complaint Or, Alternately, to Proceed to Rule on Pending Motion to Dismiss (Doc. 20). The procedural history leading up to this motion is as follows.

On December 19, 2017, Defendants answered Plaintiff's Complaint ("the Complaint") (Doc. 1-2) and filed a partial motion to dismiss (Doc. 4). The motion sought to dismiss four of the five counts against Defendant Kindred for different reasons, and all of the claims against the two individual defendants for failure to exhaust administrative remedies. The parties subsequently fully briefed the motion.

While the motion to dismiss was pending, Plaintiff filed a First Amended Complaint ("the Amended Complaint") (Doc. 19). She did so without seeking leave of Court. The First Amended Complaint abandoned three of the Complaint's five counts but—Defendants argue—did not cure two other problems raised in the motion to dismiss.

Defendants subsequently filed a partial motion to dismiss the Amended Complaint (Doc. 24) out of an abundance of caution to ensure they did not waive any arguments. This new motion repeats the arguments previously raised. The parties are currently in the process of briefing it.

Defendants argue the Court should strike the Amended Complaint, but if the Court accepts it, it should rule on the motions to dismiss without ordering additional briefing. Defendants contend additional briefing would be duplicative and thwart the efficient administrative of justice as the parties proceed with discovery without knowing which claims are still live. Defendants suggest the Court should applying the fully briefed arguments in the initial arguments in the arguments to the two counts in the Amended Complaint.

Plaintiff responds the Amended Complaint was appropriately filed and renders the partial motion to dismiss moot. She contends there should be an entire new round of briefing.

The Court rules as follows.

To begin, Plaintiff's filing the Amended Complaint without moving for leave of court violated the Scheduling and Trial Order (Doc. 17). This order states: "*Motions to amend* the pleadings shall be filed on or before March 15, 2017." Scheduling and Trial Order at 1 (emphasis added). Hence, the order required a party wishing to amend its pleading file a motion to do so. Although this might seem like a formality since the Court typically grants such motions, it is not always the case. Given the last-minute filing of the First Amended Complaint

and other circumstances which suggest Plaintiff may be attempting to delay a ruling on the motion to dismiss, the Court might have denied Plaintiff leave to amend.

That said, the Court holds that striking the Amended Complaint is not in the interests of justice. Under the circumstances, the fairest thing to do is to accept the Amended Complaint and rule on the existing, fully-briefed motion to dismiss as is, without receiving additional briefing. The Court has already heard the parties' views on these issues. Requiring them to re-brief these questions would not serve any useful purpose, but would waste time, money, and delay resolution of this case.

Accordingly, Defendants' Motion to Strike Amended Complaint Or, Alternately, to Proceed to Rule on Pending Motion to Dismiss (Doc. 20) is GRANTED IN PART.

**IT IS SO ORDERED.**

Date: May 1, 2017 /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT