# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CHRISTA J. ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-cv-01286-DGK |
| ) | |
| KINDRED HOSPITALS EAST, LLC d/b/a ) | |
| KINDRED HOSPITAL – KANSAS CITY ) | |
| AARON ANOTHAYANONTHA, and ) | |
| PATRICIA DIXON, ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING PARTIAL MOTIONS TO DISMISS

This lawsuit arises out of Plaintiff Christa J. Alexander's ("Plaintiff") employment with Defendant Kindred Hospitals East, LLC d/b/a Kindred Hospital – Kansas City ("Kindred"). Plaintiff contends Kindred and the individual defendants, Kindred's Chief Executive Officer Aaron Anothayanontha ("Anothayanontha") and Chief Clinical Nurse Patricia Dixon ("Dixon"), violated the Missouri Human Rights Act ("MHRA") by discriminating against her on the basis of her race.

Now before the Court are Defendants' partial motions to dismiss (Docs. 4, 24)[1] brought pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Applying the Missouri Supreme Court's decision in *Hill v. Ford Motor Company* to the facts of the present case, the Court holds Plaintiff's failure to name Anothayanontha and Dixon in her administrative charge

---

[1] After the parties briefed Defendants' partial motion to dismiss (Doc. 4), Plaintiff filed a First Amended Complaint (Doc. 19) without seeking leave of Court. The Court subsequently denied Defendants' motion to strike, but granted Defendants' alternate request to not re-brief their motion to dismiss, instead applying the arguments raised in the parties' briefing to the First Amended Complaint.

to the Missouri Commission on Human Rights ("MCHR") bars Plaintiff from bringing her MHRA claims against these defendants now.

Defendants' motions are GRANTED. The Court dismisses with prejudice all claims against Defendants Anothayanontha and Dixon in the First Amended Complaint. Because Anothayanontha is the only Defendant named in Count II, Count II is dismissed with prejudice.

**Standard**

Defendants move to partially dismiss the First Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. Because Defendants' subject matter jurisdiction arguments are dispositive, the Court need not address the 12(b)(6) arguments.

Dismissal under Rule 12(b)(1) is appropriate where the court lacks subject matter jurisdiction to hear the case. There are two types of challenges to subject matter jurisdiction under Rule 12(b)(1), "facial" attacks and "factual" attacks. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). A facial attack challenges subject matter jurisdiction based on the bare allegations in the complaint, and the Court assumes the allegations in the complaint are true. A factual attack considers matters extrinsic to the pleadings to determine if it has subject matter jurisdiction. The pending motion is a facial attack because Defendants are arguing that even if the allegations in the Amended Complaint are true, the Court lacks subject matter because Plaintiff failed to exhaust her administrative remedies against Anothayanontha and Dixon before filing suit.

**Discussion**

Plaintiff's First Amended Complaint contains two counts. Count I alleges all three Defendants violated section 213.055.1 by discriminating against Plaintiff on the basis of her race

2

and sex. Count II charges Defendant Anothayanontha only with aiding and abetting discriminatory behavior.

Before filing her lawsuit, Plaintiff filed an administrative charge with the MCHR. The charge identified Defendant Kindred as the sole respondent. It did not mention Defendants Anothayanontha or Dixon by name anywhere in the charge.[2] In relevant part, Plaintiff's charge alleged:

> On or about April 10, 2014, I was issued a final written warning for tardiness. I have reason to believe several other similarly situated black female employees were disciplined for tardiness/attendance while similarly situated white and male employees were issued verbal warnings or no discipline at all after committing the same infraction(s). I am aware that several complaints of discrimination and harassment have been filed with the corporate office and outside agencies by other black female employees against the Chief Nursing Officer throughout the summer months of 2014. No action has been taken to address the issues. On or about August 4, 2014, I was issued another final written warning for attendance and issued a negative performance evaluation. On or about August 18, 2014, I was advised my previously approved transfer to the Surgical Department had been disapproved after I spent two weeks in orientation in the Surgical Department.

Ex. A to First Am. Compl. (Doc. 19-1).

Defendants argue Plaintiff's failure to name Anothayanontha and Dixon in her MCHR charge means she failed to exhaust her administrative remedies against them, so the Court lacks subject matter jurisdiction over claims against them.

Plaintiff contends: Missouri takes a liberal approach to fulfilling the MHRA's procedural requirements; administrative remedies are deemed exhausted as to all incidents of discrimination that are like or reasonably related to the allegations in the administrative charge; and the Court

---
[2] It did reference a "Chief Nursing Officer" who may be Dixon.

should find Plaintiff exhausted her administrative remedies because Anothayanontha and Dixon's actions were subsumed within the scope of the MHRA's administrative investigation.

The Court rules as follows.

A plaintiff cannot file an MHRA lawsuit without first exhausting her administrative remedies by filing a discrimination charge with the MCHR. Mo. Rev. Stat. § 213.075(1). This charge must be filed within 180 days of the allegedly discriminatory act and "shall state the name and address of the person alleged to have committed the unlawful discriminatory practice" and "shall set forth the particulars thereof." *Id.* Failure to name an individual in an administrative charge may preclude bringing a subsequent civil action against that person. *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669-670 (Mo. 2009).

There is no dispute here that Plaintiff failed to name Anothayanontha and Dixon in her MCHR charge; the question is whether this failure bars her MHRA claims against them. Missouri law is lenient in enforcing this pre-filing requirement. *Alhalabi v. Mo. Dep't. of Nat. Res.*, 300 S.W.3d 518, 525 (Mo. Ct. App. 2009). The Missouri Supreme Court has held that "the importance of maintaining the availability of complete redress of *legitimate* grievances without undue encumbrance" outweighs the interests served by the statute's procedural requirements, "especially [where] demanding full and technical compliance would" not advance the underlying purposes of the procedural requirements. *Hill*, 277 S.W.3d at 670 (emphasis added). These purposes include giving notice to the charged party and providing an avenue for voluntary compliance without resort to litigation. *Id.* at 669 (citing *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3rd Cir. 1977)). If allowing the lawsuit is not inconsistent with these purposes, then the court may overlook the plaintiff's failure to join the individual in the initial charge. *Id.* at 669.

4

In applying *Hill*, federal courts often forgive a plaintiff's failure to name an individual defendant in an administrative charge,[3] but not always.[4] The result is determined by the facts of each case.

In deciding whether the failure to name an individual in an administrative charge bars a subsequent MHRA claim against that individual, the Court considers numerous factors, including:

1. Whether the Complainant could have asserted the role of the unnamed party through reasonable efforts at the time of the filing of the charge;

2. Whether the interest of the unnamed party and the unnamed respondents are so similar that, for the purpose of obtaining voluntary reconciliation and compliance, including the unnamed party was unnecessary;

3. Whether the failure to include the unnamed party in the charge resulted in actual prejudice; and

4. Whether the unnamed party had somehow represented to the Complainant that its relationship with the Complainant is to be through the named party.

*Id*. at 669-670.

With respect to the first factor, the Court finds Plaintiff had notice of Dixon's role in this matter before filing her administrative charge. In fact, some of the assertions in the administrative charge—such as Plaintiff's claim that she was issued a written warning for attendance and a negative performance evaluation—track those made in Count I, namely that the

---

[3] *See, e.g.*, *Herron v. CEVA Logistics U.S., Inc.*, No. 10-1105-CV-W-DGK, 2011 WL 1457996 (W.D. Mo. April 15, 2011); *Johansen v. Union Pac. R.R. Co.*, No. 09-1055-CV-W-REL (W.D. Mo. July 22, 2010).

[4] *See, e.g.*, *Barada v. Midwest Division-RMC, LLC*, No. 15-0490-CV-W-GAF, 2015 WL 12426150 (W.D. Mo. Oct. 1, 2015); *Borders v. Trinity Marine Prods., Inc.*, No. 1:10-CV-146-HEA, 2010 WL 5139343 (E.D. Mo. Dec. 9, 2010).

Chief Nursing Officer "wrote her up" and gave her a poor evaluation in part due to written warnings she had given Plaintiff earlier. First Am. Compl. (Doc. 19) ¶ 28. Hence, it appears that despite knowing the details of Dixon's role in this matter, Plaintiff declined to name her in the MCHR charge.

As for Anothayanontha, the First Amended Complaint makes few substantive factual allegations concerning him. For example, it asserts: he was the hospital's Chief Executive Officer in 2014; he "has shown direct evidence of a discriminatory attitude against Blacks;" and he "aided, abetted and incited Pat Dixon in her discriminatory behavior towards Plaintiff and others." *Id.* ¶¶ 4, 32, 35. Other than the claim that he was the hospital's CEO, these vague, conclusory allegations are so devoid of factual content they could have been asserted at any time. These assertions are not the sort of facts that emerge years later during discovery. The Court finds Plaintiff could have ascertained Anothayanontha's role in 2014 and named him as a respondent as well, but did not. Thus, the first factor weighs in favor of barring Plaintiff's claims.

Turning to the second factor, the Court finds the interests of Kindred and the individual defendants were so similar that it was not necessary to include them in the MCHR proceedings. Plaintiff made her MCHR charge in October of 2014. At that time, Anothayanontha was Kindred's CEO and Dixon was the Chief Clinical Nurse. Any voluntary conciliation or compliance agreed to in the administrative proceeding by Kindred would have had a binding effect on Anothayanontha and Dixon, and any finding that Anothayanontha or Dixon engaged in unlawful conduct would have impacted Kindred.[5] Hence, Kindred's interests and the interests of

---

[5] The Court notes that at the present time, Defendants share the same counsel. While this demonstrates their strategic interests are currently aligned, it does not guarantee that their interests were aligned in 2014, when Plaintiff made her administrative charge.

the individual defendants at that time were sufficiently similar that it was not necessary to include them in the MCHR proceedings. This factor weighs in Plaintiff's favor.

With respect to the third factor, it is unclear whether Plaintiff's failure to name Anothayanontha and Dixon as individual respondents has prejudiced either of them. This factor favors neither party.

With respect to the fourth factor, nothing in the record suggests that either Anothayanontha or Dixon ever indicated to Plaintiff that they wanted Kindred to represent them before the MCHR, a factor which weighs against Plaintiff.

The above four factors do not tilt strongly one way or another. In conjunction with these factors, the Court considers one final, more fundamental issue: whether Plaintiff actually has a legitimate grievance against Anothayanontha or Dixon. A review of the record and the circumstances in this case suggests Plaintiff does not, and that she named these defendants for tactical reasons rather than to address any legitimate grievance with them.

Defendants removed this case from the Circuit Court of Jackson County before Plaintiff served Dixon, arguing Dixon—a Missouri citizen—had been fraudulently joined to defeat diversity jurisdiction. Plaintiff does not deny this allegation. In fact, she has admitted it by her actions. After Defendants removed, Plaintiff declined to serve Dixon. The most reasonable explanation for this is that Plaintiff sued Dixon to remain in state court and deprive Kindred of its statutory right to a federal forum, not to redress a legitimate grievance against Dixon. Since Plaintiff appears to have no legitimate grievance against Dixon, there is no justification to overlook Plaintiff's failure to name her in the administrative complaint. *See Hill*, 277 S.W.3d at 670.

Turning to Anothayanontha, while he was properly served, the allegations against him are so sparse and conclusory that the Court doubts whether Plaintiff has a legitimate grievance against him either. In any event, if Plaintiff has any legitimate grievance against either of these individuals, it can be redressed by suing Kindred, who will remain a defendant once the individual defendants are dismissed.

Accordingly, after carefully weighing the above factors and the circumstances of this case, the Court holds that by failing to name Anothayanontha and Dixon in her MCHR charge, Plaintiff has failed to exhaust her administrative remedies against them. Accordingly, Plaintiff's MHRA claims against them are barred.

**Conclusion**

For the reasons discussed above, Defendants' motions (Docs. 4, 24) are GRANTED. The Court dismisses Defendants Anothayanontha and Dixon from this action with prejudice for failure to exhaust administrative remedies. Because Count II was brought solely against Anothayanontha, the Court also dismisses Count II of the First Amended Complaint with prejudice.

**IT IS SO ORDERED.**

Date: May 1, 2017          /s/ Greg Kays
                           GREG KAYS, CHIEF JUDGE
                           UNITED STATES DISTRICT COURT